Judge RoWan
pronounced the opinion of the court.
This was an action of trespass, quare clausum fregit, instituted by Riley against M’Gee and eight other persons— defendants pleaded jointly — after issues'joined, and before trial, plaintiff discontinued his action as to five of them, and a verdict was returned against the remaining four; who assigned for error, in arrest of judgment, the discontinu anee, by the plaintiff, of bis action against five of the defendants, The.court below sustained the error, and arrested the judgment; the correctness of which opinion of the. court, is the only question presented to this court, by the record and the assignment of error therein. While it is admitted that the joint act of several trespassers, forms but one injury, and may be repaired by one compensation— that compensation, made by any one of several joint trespassers, absolves the others from further liability — and that, an accord and satisfaction with, or a release to, one of the joint trespassers by the party injured, has the same absolving *433 effect as to the others. It is denied that a nolle prosequi, or a discontinuance of his action by the plaintiff, as to some of several joint trespassers before verdict, is per se, evidence of the fact, that compensation for the injury, has been made to the plaintiff by those, or anv one of them, as to whom the suit has been dismissed. The more rational inference from the defendant’s discontinuance in such caséis, w e think, that the plaintiff had discovered, in the progress of his cause, that he would be deficient in the proof of their guilt, or that he had become convinced of their innocence, and had, from motives of prudence, or justice, discontinued his action as to them. On principle, therefore, we think the opinion erroneous: and on authority it is believed not to be less so. bee in balk’s Rep. the case of Love vs. Salkield: See also Saunders’ Rep. 1 V. 207, note 2; and Tidd’s practice, vol. 1st, 630.
JVickliffc for plaintiff, Talbot for defendant.
a joint «eáonot resPas”rr*^*1,1st by ohe óu ab-o|veti,e »th-bUity-Tut'^ ¿Lscom'muance a£ainst 0,ns or charjre lie o-'hers: Vide Ps Ford^ac^
It is therefore considered by the court that the judgment be reversed, set aside, and held for naught, and the cause remanded, with direction that the court below enter up judgment, upon the verdict of the jury, for the plaintiff.
And it is further ordered, that the plaintiff recover of the defendants his costs.